IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 07-cv-00734-REB-BNB
(Consolidated with Civil Action No. 07-cv-00812-REB-BNB)

In re CHOICE HOTELS, INC. SECURITIES LITIGATION

## ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER

**Blackburn, J.**

This matter is before me on the following motions:1) **Defendants' Motion To Transfer To the District of Maryland** [#17], filed May 22, 2007; 2) defendants' Motion for Hearing [#21], filed June 13, 2007; and 3) **Motion of Macomb County Employees' Retirement System for Appointment as Lead Plaintiff and for Approval of Selection of Lead and Liaison Counsel** [#22], filed June 22, 2007. The plaintiffs filed a response [#18] to the motion to transfer, and the defendants filed a reply [#20]. I grant the motion to transfer, deny the motion for hearing as moot, and deny the motion for appointment of lead plaintiff and lead liaison counsel without prejudice.

I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question). This case is a securities fraud case. The plaintiffs allege in their complaints that the defendants violated § 10(b) of the Securities Exchange Act of 1934 (the 1934 Act), 15 U.S.C. § 78j(b), Rule 10(b)(5) of the Securities and Exchange Commission, 17 C.F.R. § 240.10b-5, and § 20(a) of the 1934 Act, 15 U.S.C. § 78t(a). The plaintiffs propose that this case proceed as a class action.

The plaintiffs allege that in April, 2006, the defendants made positive statements

about the status and prospects for Choice Hotels' business.  These statements were made in a press release and to analysts and investors.  Individual defendants, Charles A. Ledsinger, Jr. and Joseph M. Squeri, allegedly were involved in the dissemination of this information.  Ledsinger was, at the relevant times, Choice Hotels' Chief Executive Officer, and Squeri was, at the relevant times, Choice Hotels' Chief Financial Officer.  The plaintiffs claim that these statements caused the price of Choice Hotels' stock to rise and that Choice Hotels insiders sold shares that they owned at a profit following this price rise.  The plaintiffs allege also that the April, 2006, statements were materially false.

In July, 2006, Choice Hotels announced its financial results for the second quarter of 2006. Following this announcement, the price of Choice Hotels common stock fell by about 23 percent.  The plaintiffs claim they suffered losses as a result of the artificial inflation of Choice Hotels common stock and the subsequent decline in the value of those shares.

Defendant Choice Hotels, Inc., is headquartered in Silver Spring, Maryland.  Ledsinger and Squeri, the individual defendants, both worked from Choice Hotels' Maryland headquarters during the relevant times, and both reside in Maryland.  The documents, statements, and actions described in the plaintiffs complaints all appear to have been prepared, made, and undertaken at Choice Hotels' headquarters.  The defendants argue that this case should be transferred to the District of Maryland because all or nearly all of the relevant witnesses and evidence are in Maryland, and because it would be substantially more convenient for the parties and the witnesses if this case were transferred to the District of Maryland.  I agree.

28 U.S.C. § 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any

other district of division where is might have been brought." Among the factors to be considered in resolving a motion to transfer under § 1404(a) are 1) the plaintiff's choice of forum; 2) the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; 3) the cost of making the necessary proof; 4) questions as to the enforceability of a judgment if one is obtained; 5) relative advantages and obstacles to a fair trial; 6) difficulties that may arise from congested dockets; 7) the possibility of the existence of questions arising in the area of conflict of laws; 8) the advantage of having a local court determine questions of local law; and, 9) all other considerations of a practical nature that make a trial easy, expeditious and economical. **Chrysler Credit Corp. v. Country Chrysler, Inc.**, 928 F.2d 1509, 1516 (10th Cir. 1991). In this case, I consider the first, second, third, and ninth factors to be the key considerations. The other factors are either inapplicable or do not weigh significantly in favor of or against transfer.

The plaintiffs' choice of forum is entitled to some deference. However, as the plaintiffs concede, the plaintiffs' choice of forum receives reduced deference in a proposed class action. In addition, I note that plaintiff, Islam Beg, is a resident of Nevada, and plaintiff, Anthony Genovese, is a resident of Maryland. The motion for appointment of lead plaintiff proposes that interested party, the Macomb County Employees' Retirement System (MCERS), be appointed as a lead plaintiff. I see nothing in the record that indicates the residence of the MCERS, but I am aware that the State of Colorado does not include a county named Macomb. In light of the fact that none of the plaintiffs are residents of Colorado, I conclude that the weight to be accorded to the plaintiffs' choice of forum is entitled only to minimal deference. This factor weighs only slightly against transfer.

3

The defendants argue that virtually all of the of witnesses and other sources of proof relevant to the plaintiffs' claims are in Maryland. The key documents and other tangible evidence appear to be located at Choice Hotels' headquarters in Maryland. The plaintiffs have not demonstrated that any relevant documentary evidence is located anywhere in or near Colorado. Typically, a securities fraud case is document intensive, and there is no indication that this case is an exception. The defendants assert also that the key witnesses all are located in Maryland. The plaintiffs argue that Choice Hotels has a substantial number of employees in Colorado, and this fact is not disputed. However, the plaintiffs have not demonstrated that any of Choice Hotels' Colorado employees are likely to have any knowledge of the facts relevant to the plaintiffs' securities fraud claims. Rather, the issues presented by the plaintiffs' complaints concern statements, documents, and other evidence located at Choice Hotels' headquarters in Maryland. This factor augurs heavily in favor of transfer.

The cost of making the necessary proof is relevant to the motion to transfer only to the extent a transfer to the District of Maryland might reduce that cost significantly. I conclude that some reduction in cost likely will be achieved if this case is heard in Maryland rather than in Colorado. Notably, the cost for transporting witnesses and records will be reduced, at least for the defendants, if this case is heard in Maryland. This factor weighs in favor of transfer. I know of no substantial countervailing consideration concerning the cost of making the necessary proof that weighs in favor of the plaintiffs.

Other than the considerations listed above, there are no other substantial considerations of a practical nature that weigh in favor of or against transfer. Rather, the specific considerations described above generally indicate that trial preparation and trial generally will be easier, more expeditious, and more economical in the District of

Maryland.  On balance, the relevant factors weigh substantially in favor of transfer to the District of Maryland.

In light of the fact that I am ordering that this case be transferred, I deny the plaintiffs' motion for appointment of a lead plaintiff and lead counsel without prejudice. After transfer, the considerations relevant to this motion may be altered somewhat. Therefore, I conclude that the appointment of a lead plaintiff and lead counsel is best determined after this case has been transferred to the District of Maryland.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Defendants' Motion To Transfer To the District of Maryland** [#17], filed May 22, 2007, is **GRANTED**;

2.  That under 28 U.S.C. § 1404, this case is **TRANSFERRED** to the United States District Court for the District of Maryland;

3.  That the defendants' **Motion for Hearing** [#21], filed June 13, 2007, is **DENIED** as moot; and

4.  That the **Motion of Macomb County Employees' Retirement System for Appointment as Lead Plaintiff and for Approval of Selection of Lead and Liaison Counsel** [#22], filed June 22, 2007, is **DENIED** without prejudice.

Dated March 24, 2008, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**